UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE PEREZ,

      Plaintiff,

v.                                Case No:  2:14-cv-2-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## OPINION AND ORDER

Plaintiff Denise Perez appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB"). For the reasons discussed herein, the decision of the Commissioner is reversed and this matter is remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four.

### I.   Issues on Appeal

There are four overarching issues on appeal: (1) whether the Administrative Law Judge ("ALJ") properly determined that Plaintiff can perform her past relevant work ("PRW"); (2) whether the ALJ erred by failing to elicit testimony from a vocational expert ("VE"); (3) whether the ALJ properly determined Plaintiff's residual functional capacity ("RFC"); and (4) whether the ALJ erred by assigning reduced weight to one of Plaintiff's treating physicians.

## II.    Procedural History and Summary of the ALJ's Decision

On May 21, 2010, Plaintiff filed an application for a period of disability and DIB, alleging she became disabled and unable to work on May 19, 2010.   Tr. 96-102.   The Social Security Administration denied her claim initially on September 10, 2010 and upon reconsideration on January 28, 2011.   Tr. 62, 63.   Plaintiff then requested and received a hearing before ALJ Larry J. Butler on June 5, 2012, during which she was represented by an attorney.   Tr. 33-53, 76-77.   Plaintiff's was the only testimony at the hearing.   Tr. 33-53.

On August 10, 2012, the ALJ issued a decision finding that Plaintiff is not disabled and denying her claim.   Tr. 16-32.   The ALJ first determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015.   Tr. 21.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 19, 2010, the alleged onset date ("AOD").   *Id.* At step two, the ALJ determined that Plaintiff has the following severe impairments: diabetes with retinopathy and neuropathy, headaches and depression.   *Id.*   At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."   *Id.*

Taking into account the effects from all of Plaintiff's impairments, the ALJ determined that Plaintiff has the RFC to perform a reduced range of light work, with exertional limitations and a limitation to simple, routine tasks.   Tr. 22.   The ALJ found that Plaintiff's medically determinable impairments reasonably could be

expected to cause the alleged symptoms, but her statements concerning the intensity, persistence and limiting effects of the symptoms are not credible to the extent they are inconsistent with the ALJ's RFC determination.   Tr. 24.   The ALJ then found that Plaintiff was capable of performing her PRW as a cashier.   Tr. 27.   Thus, the ALJ found that Plaintiff was not disabled and denied her claim.   Tr. 27-28.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on November 20, 2013.   Tr. 1-6, 14.   Accordingly, the ALJ's August 10, 2012 decision is the final decision of the Commissioner.   Plaintiff filed an appeal in this Court on January 2, 2014.   Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The district court must

consider the entire record, including new evidence submitted to the Appeals Council for the first time, in determining whether the Commissioner's final decision is supported by substantial evidence.   *Ingram v. Astrue*, 496 F.3d 1253, 1265 (11th Cir. 2007).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."   *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

Plaintiff raises four overarching arguments on appeal.   Each is addressed separately.

### a.   *Whether the ALJ properly determined that Plaintiff can perform her PRW as a cashier*

#### 1.   Inconsistency between Plaintiff's RFC and the reasoning level of her PRW, as determined by the ALJ

Plaintiff argues that the ALJ erred by determining that she can return to her PRW as a cashier as that job generally is performed because that position has a reasoning level of three, which is inconsistent with the limitation in her RFC to simple, routine tasks.   Doc. 24 at 10.

In support of her claim for disability, Plaintiff completed a Work History Report form in which she identified the jobs she held during the fifteen years prior to her AOD and described the work she performed in those positions.   Tr. 136-43. Plaintiff reported that she worked as a cashier in a home repair store, toy store and restaurant/store, and as an electronics associate, housekeeper and in security services.   *Id.*   In the cashier positions, Plaintiff reported that she used cash registers and computer equipment and had knowledge of computer software and other computer skills.   Tr. 138-41.   For the security services position, Plaintiff also reported that she was required to use security cameras and communication tools. Tr. 142.   Plaintiff reported that she handled small objects, prepared reports and lifted up to 15 pounds.   Tr. 138.

At Step Four, the ALJ determined that Plaintiff could return to her PRW, which the ALJ identified as "Cashier II," DOT 211.462-010, light unskilled with SVP 2.  Tr. 27.  The ALJ stated that he compared Plaintiff's RFC with the physical and mental demands of the Cashier II position as set forth in the DOT, and determined that Plaintiff is able to perform the work "as generally performed."  *Id.*  The DOT classifies the Cashier II position as having SVP of 2, which is considered unskilled work.  *Id.*; SSR 00-4p, 2000 WL 1898704, at *3.  Unskilled work, in turn, is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time" and for which "little specific vocational preparation and judgment are needed."  20 C.F.R. § 404.1568(a).

The Commissioner argues that the ALJ properly determined that Plaintiff could perform her PRW as Cashier II as that job is generally performed and as set forth in the DOT, and substantial evidence supports his decision.  Doc. 29 at 13-14.  Specifically, the Commissioner states that the SVP required for the Cashier II position only is 2, according to the DOT, which corresponds to unskilled work and therefore falls within Plaintiff's RFC.  *Id.* at 15.  Here, however, Plaintiff does not argue that she is unable to perform her PRW based upon the SVP, as the Commissioner suggests; instead, Plaintiff argues that she cannot perform the requirements of the Cashier II position due to the reasoning level, which requires a person to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several

concrete variables in or from standardized instructions."   DOT 211.462-010, 1991 WL 671840.

Other courts in this district have addressed similar arguments and found that a limitation to simple, routine or repetitive tasks is inconsistent with a reasoning level of three.   In *Estrada v. Barnhart*, the plaintiff argued that the VE's assessment of the jobs she could perform was incorrect, because the VE identified jobs with a reasoning level of three, which the plaintiff asserted was inconsistent with her RFC limitation to simple interactions and tasks.   417 F.Supp.2d 1299, 1302 (M.D. Fla. 2006).   In that case, as here, the Commissioner argued that the plaintiff's limitation to simple tasks did not preclude the plaintiff's performance of the jobs identified by the VE based upon the SVP.[1]   The Court highlighted the difference between SVP and the reasoning level:

> Defendant insinuates Plaintiff erred in finding the DOT's reasoning level classifications relevant to her limitation to simple tasks.   At the administrative hearing, the VE instead had referred to the DOT's specific vocational preparation ("SVP") time involved for the jobs rather than the jobs' reasoning levels.   The DOT's explanation of SVP suggests that SVP relates to the vocational preparation required to perform a job and does not address whether a job entails simple tasks, while the general educational requirements ("GED"), particularly the GED reasoning level, pertains to the complexity of a job.

---

[1] Here, the Commissioner argues: "Although Plaintiff argues that the Cashier II position has a reasoning level classification of 3, this assertion is totally unfounded as the DOT indicates that his job has an SVP only of 2."   Doc. 29 at 16.   The Commissioner then directs the Court's attention to DOT 211.462-010.   Upon the Court's review of that section of the DOT, it clearly states that the job has a reasoning level of three.

*Id.* at n.3.   The court ultimately determined that despite the VE's conclusion that Plaintiff could perform unskilled jobs with SVP two, her RFC limitation to simple interactions and tasks was inconsistent with the reasoning level of those jobs, which was three.   *Id.* at 1303.   Accordingly, the case was remanded to the Commissioner to address the apparent conflict between jobs identified by the VE and the DOT's classification of the reasoning level of those jobs.   *Id.*

Similarly, in *Cousins v. Colvin*, the plaintiff argued that the reasoning levels of the jobs the VE determined that she could perform were inconsistent with the plaintiff's limitation to simple, routine tasks and minimal decision making, and therefore the ALJ's decision was not supported by substantial evidence.   No. 2:12-cv-505-FtM-29DNF, 2013 WL 5278271, at *6 (M.D. Fla. Aug. 23, 2013), *report and recommendation adopted*, 2013 WL 5278483 (M.D. Fla. Sept. 18, 2013).   The court acknowledged that "[t]here have been cases in which the District Court found a conflict between 'simple, repetitive tasks' and reasoning levels of three, prompting a remand to the ALJ to further explore an 'apparent conflict.'"   2013 WL 5278271, at *6 (citing *Leonard v. Astrue*, 487 F.Supp.2d 1333, 1339-40 (M.D. Fla. 2007)). Because the court noted that the "record is silent as to how a person who is limited to 'routine tasks' and 'minimal decision making' can perform jobs listed in the DOT with reasoning levels of 2 and 3," the case was remanded to the Commissioner to rectify the conflict.   *Cousins*, 2013 WL 5278271, at *7.

Here, as in *Estrada* and *Cousins*, Plaintiff's limitation to simple, routine tasks appears inconsistent with the reasoning level of her PRW, as determined by the ALJ.

This alone warrants remand.   As set forth more fully below, however, this case also must be remanded because the ALJ failed to make explicit findings regarding the physical and mental demands of Plaintiff's PRW, as required by the Regulations.

### 2.   Physical and mental demands of Plaintiff's PRW

Plaintiff also asserts the ALJ failed to sufficiently explain his determination that she can return to her PRW, because he failed to make findings as to the physical and mental demands of those jobs, as required by the Regulations.   Doc. 24 at 11.

SSR 82-62 explains that "[t]he RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of 'not disabled.'"   SSR 82-62, 1982 WL 31386, at *3.   That ruling also explains the importance of developing the record with respect to whether a claimant can perform her PRW:

> The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit.

*Id.*   When determining whether a claimant has the ability to perform her PRW, the ALJ's opinion must explicitly contain findings of fact as to the individual's RFC; the physical and mental demands of the past work; and whether the individual's RFC would permit a return to the PRW.   *Id.* at *4.

Here, the ALJ found that Plaintiff is capable of performing her PRW as a cashier. Tr. 27. The ALJ's entire discussion with respect to this issue is as follows:

> The claimant reported prior work as a cashier from 2004 to 2009 (Exhibit 4E). She earned substantial gainful activity from 2005 through 2007 (Exhibit 6D).
>
> The <u>Dictionary of Occupational Titles</u> (DOT) classifies the demands of the claimant's past relevant work as a *cashier II*, DOT code 211.462-010, a light unskilled job with SVP of 2.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed.

Tr. 27 (emphasis in original).

Courts have determined that statements by the ALJ that he compared the claimant's RFC with the demands of the claimant's PRW and the claimant is able to perform the PRW, without further explanation, does not comport with SSR 82-62's requirement that the ALJ make specific findings of fact, and may preclude a determination that the ALJ's opinion is supported by substantial evidence. *See, e.g.*, *Johnson v. Comm'r of Soc. Sec.*, No. 6:12-cv-123-Orl-GJK, 2013 WL 461278, at *6 (M.D. Fla. Feb. 7, 2013) (reversing and remanding to the Commissioner based upon ALJ's failure to sufficiently explain his finding that plaintiff can return to his PRW).[2] Accordingly, the Court finds the ALJ's explanation with regard to Plaintiff's ability to perform her PRW fails to comport with SSR 82-62's requirement that the ALJ's

---

[2] Notably, each of the above-cited cases addressing the ALJ's analysis and treatment of a claimant's PRW included testimony from a VE. Plaintiff's argument that the ALJ erred by failing to call a VE here is addressed separately *infra*.

determination that Plaintiff can return to her PRW contain a "specific finding of fact" with regard to "the physical and mental demands of the past job/occupation."   SSR 82-62, 1982 WL 31386, at *4.

Because the ALJ's determination that Plaintiff can perform her PRW as generally performed appears inconsistent with the limitation in Plaintiff's RFC to simple, routine tasks, the Court cannot conclude that the ALJ's opinion is supported by substantial evidence.   Moreover, the Court finds that the ALJ's opinion fails to comply with SSR 82-62's requirement that the ALJ make specific findings of fact with respect to the physical and mental demands of Plaintiff's past work.   Accordingly, the ALJ's decision also is not supported by substantial evidence in this regard, and the case must be remanded to the Commissioner for further development and explicit findings consistent with this Opinion and Order.

### b.   Whether the ALJ erred by failing to elicit testimony from a VE

Plaintiff also argues that her PRW properly should be classified a composite position, and under the Regulations the ALJ cannot consider whether a claimant can perform composite jobs as generally performed.   Instead, the ALJ was required to consider whether she could perform them only as actually performed, and for that the ALJ was required to elicit testimony from a VE.   The Commissioner asserts that the definition of Cashier II encompasses the duties of Plaintiff's PRW as she described them, and there is no evidence that her PRW involved significant elements of another job as required to constitute a composite job.   The Commissioner further contends

that for substantial evidence to support the ALJ's determination at step four, the ALJ need only find that Plaintiff can perform one job of her PRW, not all of them.

Generally, if the ALJ determines that a claimant cannot perform her PRW as actually performed, he then must consider whether the claimant can perform the PRW as it is generally performed in the national economy.   SSR 82-61, 1982 WL 31387.   When a claimant's PRW has "significant elements of two or more occupations," there is no direct counterpart in the DOT, and the ALJ must evaluate the PRW based upon the facts of the individual case.   *Id.* at *2.   The ALJ then must examine the available documentation and any vocational resource material available, and may elicit testimony from a vocational expert to determine how a particular job usually is performed.   *Id.*   "Where it is clear that a claimant's past employment was a 'composite job,' an [ALJ] may not find a claimant capable of performing her [PRW] on the basis that she can meet some of the demands of her previous position, but not all of them."   *Bechtold v. Massanari*, 152 F.Supp.2d 1340, 1344 (M.D. Fla. 2001).

Here, the Court already has determined that remand is warranted based upon the ALJ's failure to make the requisite findings with respect to the demands of Plaintiff's PRW and the apparent inconsistency between the reasoning level of Plaintiff's PRW as identified by the ALJ and her RFC.   Because it is unclear whether Plaintiff even can perform her PRW in light of the reasoning level, the Court will direct the ALJ to elicit testimony from a VE on remand.   The ALJ should inquire as to the appropriate DOT classification, physical and mental demands of Plaintiff's PRW, and whether an individual with Plaintiff's limitations can perform such work.

Thus, the Court need not further address whether Plaintiff's PRW was a composite job.   On remand, Plaintiff's counsel and the ALJ may explore this area if appropriate, but the determination in the first instance is better made by the Commissioner than the Court.

### c. Whether the ALJ properly determined Plaintiff's RFC

Next, Plaintiff contends that the ALJ was required to discuss the limitations related to Plaintiff's headaches and neuropathy when determining her RFC, or make adverse credibility findings if he discounted her testimony regarding the limiting effects of these impairments.   The Commissioner asserts that Plaintiff's testimony alone is not sufficient to establish that she is disabled, because there must be medical evidence or laboratory findings to support the disabling effects of her limiting impairments.

The RFC is the most that a claimant can do despite her limitations.   *See* 20 C.F.R. § 404.1545(a).   When determining a claimant's RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions," not just those determined to be severe.   20 C.F.R. § 404.1545(a)(2); SSR 96-8p.   The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, daily activities, lay evidence and medical source statements.   20 C.F.R. § 404.1545(a).   The claimant's age, education and work experience also are considered in determining her RFC and whether she can return to her past relevant work.   *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1520(f)).

The ALJ also is required to consider the combined effects of a claimant's alleged impairments and make specific, well-articulated findings as to the effect of the impairments and whether they result in disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). The ALJ's RFC assessment must identify and describe the specific medical and nonmedical evidence that supports his conclusion and explain how any material inconsistencies or ambiguities in the record were considered and resolved. SSR 96-8p. Thus, the RFC assessment is based upon all relevant evidence of a claimant's ability to do work despite her impairments. *Phillips*, 357 F.3d at 1238; *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Here, headaches and neuropathy were among the severe impairments the ALJ identified at step two of the sequential evaluation. Tr. 21. Plaintiff asserts that the ALJ failed to make the requisite detailed findings with respect to these severe impairments. Upon review of the record, the Court finds that the ALJ sufficiently articulated his findings with respect to Plaintiff's neuropathy and explained his reasons for finding that Plaintiff's testimony regarding the limiting effects of this impairment was not fully credible.

The ALJ discussed the consultative examination conducted by Dr. Rajan Sareen on September 9, 2010. Tr. 25 (citing Tr. 266-69). The ALJ noted that this examination revealed normal sensation, coordination, deep tendon and plantar reflexes, and stated, "[t]hus, while the claimant complained of numbness and tingling, Dr. Sareen stated that sensory and motor functions were unremarkable." Tr. 25. The ALJ noted that Plaintiff's grip strength also was 100% bilaterally, but

also that Dr. Sareen diagnosed Plaintiff with tingling and numbness of the hands and feet secondary to neuropathy.   *Id.*   As required by the Regulations, the ALJ identified an inconsistency in the record with respect to Plaintiff's neuropathy: "While she reported to Dr. Sareen that she had numbness and tingling in her hands in [sic] feet, three months later, she denied weakness, paresthesias, and burning and tingling in her feet."   *Id.* (citing Tr. 313); *see* SSR 96-8p.   In other areas of his opinion, however, the ALJ noted that records reveal decreased sensation.   *See* Tr. 27.   Thus, contrary to Plaintiff's assertion, the ALJ discussed Plaintiff's neuropathy and, although he determined it is a severe impairment, discussed record evidence with which the Plaintiff's testimony and reports are inconsistent, and determined there were no limitations related to this impairment that would affect Plaintiff's RFC.

With respect to Plaintiff's headaches, however, despite determining that they constitute a severe impairment at step two, the ALJ failed to discuss this impairment and how it affects Plaintiff's RFC.[3]   The ALJ acknowledged that Plaintiff complained of headaches while receiving treatment from Dr. Vinod Bhavnani, but includes no further discussion with respect to this impairment.   Tr. 24 (citing Tr. 462, 475, 477, 480); Tr. 26 (citing Tr. 463).   The utter lack of discussion renders the Court unable to determine whether the ALJ even considered the limiting effects of this severe impairment.   Remand therefore is warranted as to this issue.   On remand, the ALJ

---

[3]   The Commissioner cites evidence from the record in support of the ALJ's determination that Plaintiff's headaches do not affect her RFC.   *See* Doc. 29 at 8, 12-13. Although the Commissioner explains how this evidence supports the ALJ's decision, the ALJ failed to do so.   The Regulations require the ALJ to sufficiently identify evidence in support of his conclusions, and explain them in his opinion.   *Walker*, 826 F.2d at 1001; SSR 96-8p.

should address and explain the limiting effects, if any, of this severe impairment.   If the ALJ determines on remand that Plaintiff's headaches do not affect her RFC, he should include a discussion of the relevant evidence supporting his conclusion, as required by the Regulations.   Because he failed to do so here, the Court finds that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence.

### d. Whether the ALJ properly assigned reduced weight to a treating physician

Plaintiff's final argument asserts that the ALJ erred by failing to assign controlling weight to the opinion of Dr. Vinod Bhavnani, Plaintiff's treating eye surgeon, because the ALJ's statement that Plaintiff had not seen this doctor since 2011 was a mistake of fact.   Instead, Plaintiff states that Dr. Bhavnani *began* treating Plaintiff in 2011, and that the doctor continued to treat Plaintiff into 2012. The Commissioner argues that the ALJ properly discounted Dr. Bhavnani's opinion, because overall it is inconsistent with other evidence in the record.

Under the Regulations, opinions of treating sources usually are given more weight because treating physicians are the most likely to be able to offer detailed opinions of the claimant's impairments as they progressed over time and "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ."   20 C.F.R. § 404.1527(c)(2).   Medical source opinions may be discounted, however, when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole. SSR 96-2p; *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004).

Accordingly, "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown."   *Castle v. Colvin*, 557 Fed. Appx. 849, 854 (11th Cir. 2014) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004)); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Sabo v. Chater*, 955 F.Supp. 1456, 1462 (M.D. Fla. 1996).   "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'"   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1241).

If the opinion of a treating physician as to the nature and severity of a claimant's impairment is supported by acceptable medical evidence and is not inconsistent with other substantial evidence of record, the treating physician's opinion is entitled to controlling weight.   SSR 96-2p; 20 C.F.R. § 404.1527(c).   By contrast, if the ALJ does not afford controlling weight to a treating physician's opinion, she must clearly articulate the reasons for doing so.   *Winschel*, 631 F.3d at 1179.   Although the regulations require that the ALJ consider all factors set forth in 20 C.F.R. § 404.1527(c), the ALJ is not required to expressly address each factor so long as she demonstrates good cause to reject the opinion.   *Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 833 (11th Cir. 2011).

Here, the ALJ discussed Dr. Bhavnani's treatment records and opinion that Plaintiff's vision affected her ability to read, follow written instructions, write, drive and use computers.   Tr. 27 (citing Tr. 461-84).   The ALJ further noted that Dr.

Bhavnani determined Plaintiff's peripheral vision, central visual acuity, ability to distinguish detail, distant and near vision and visual efficiency also were affected. *Id.*   The ALJ then explained that he assigned little weight to this opinion, because it is not well-supported.   *Id.*   The ALJ noted that Plaintiff's other treating doctors did not advise her not to drive or impose other restrictions related to her vision, and that she continued to possess a driver's license.   *Id.*

Specifically, the ALJ again discussed Dr. Sareen's September 9, 2010 consultative examination, during which he determined that Plaintiff's pupils were equal, round and reactive to light and accommodation; her far visual acuity was 20/20 bilaterally with glasses; and her near visual acuity was 20/30 in her right eye and 20/25 in her left.   Tr. 25; Tr. 267-68.   The ALJ also noted that despite Plaintiff's testimony and reports as to the limiting effects of her eye conditions, the record reflects some improvement after her eye surgery.   Tr. 26.   The ALJ highlighted that Dr. Bhavnani's own treatment records dated April 26, 2012 reflect that Plaintiff's eyesight was "not as fuzzy as last visit."   Tr. 462.   Thus, to the extent the ALJ relied on the inconsistency within Dr. Bhavnani's own notes with other evidence in the record, or the lack of support for Dr. Bhavnani's opinion, as the reason for according it reduced weight, the ALJ's opinion is supported by substantial evidence.

The ALJ also noted, however, that Dr. Bhavnani had not examined Plaintiff since December 15, 2011, and the ALJ's opinion suggests this mistake of fact influenced his decision not to afford controlling weight to Dr. Bhavnani's opinion.   *Id.* Plaintiff correctly argues that this statement is incorrect.   *See* Doc. 24 at 20-22.   A

review of Dr. Bhavnani's records reveals that he continued to treat Plaintiff through at least April 2012.   Tr. 482; *see* Tr. 461-84.   The Commissioner concedes that the ALJ's statement with respect to the time period in which Dr. Bhavnani treated Plaintiff is incorrect.[4]   Doc. 29 at 4 n.2.   Because the Court already has determined that the ALJ's opinion is not supported by substantial evidence in other respects, on remand the ALJ also should reevaluate Dr. Bhavnani's opinion.

## V.   Conclusion

The ALJ's determination that Plaintiff can perform her PRW as generally performed appears inconsistent with the limitation in Plaintiff's RFC to simple, routine tasks, and the opinion fails to comply with SSR 82-62's requirement that the ALJ make specific findings of fact with respect to the physical and mental demands of Plaintiff's past work.   The ALJ also failed to discuss the limiting effects, if any, of Plaintiff's headaches, which the ALJ determined are a severe impairment.

Because the ALJ failed to sufficiently explain his RFC determination and make factual findings with respect to the physical and mental demands of Plaintiff's PRW, and Plaintiff's RFC is inconsistent with the reasoning level of the job the ALJ

---

[4] The Commissioner also argues, however, that this mistake is irrelevant, because substantial evidence supports the ALJ's opinion as a whole.   Specifically, the Commissioner's brief states:

> The Commissioner notes that although the ALJ mistakenly stated that Dr. Bhavnani had not treated Plaintiff since December 2011, Dr. Bhavnani's opinion actually indicated that he first treated Plaintiff on that date.   This discrepancy, however, does not undermine the substantial evidence supporting the ALJ's evaluation of Dr. Bhavnani's opinion.

Doc. 29 at 4 n.2.

determined that Plaintiff can perform, the ALJ's determination that she can return to her PRW and therefore is not disabled is not supported by substantial evidence. Accordingly, the case must be remanded to the Commissioner for further development and findings consistent with this Opinion and Order.

Accordingly, it is

**ORDERED:**

1.      The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for the Commissioner to:

> a. make specific findings regarding the physical and mental demands of Plaintiff's past relevant work;
>
> b. elicit testimony from a vocational expert regarding whether Plaintiff can perform her past relevant work and to address any inconsistencies between Plaintiff's RFC and the reasoning level or other demands of Plaintiff's past relevant work;
>
> c. sufficiently explain the effects of Plaintiff's headaches on her RFC, if any;
>
> d. reevaluate the opinion of Dr. Bhavnani; and
>
> e. make any further determinations consistent with this Opinion and Order, or in the interest of justice.

2.      The Clerk of Court is directed to enter judgment accordingly, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 20th day of March, 2015.


CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record