UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE PEREZ,

    Plaintiff,

v.                                              Case No:   2:14-cv-2-FtM-CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Before the Court is Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d)[1] ("Motion") (Doc. 32), filed on April 10, 2015.  Plaintiff moves pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for an award of fees in the amount of $6,860.25, representing attorney's fees in the amount of $6,836.25 and paralegal's fees in the amount of $24.00, and attaches an affidavit confirming a total of 36.4 hours worked.  Doc. 32 at 14-16.  Plaintiff represents that the Commissioner has no objection to her Motion.  For the reasons stated herein, the Motion is granted.

Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely

---

[1] This appears to be a scrivener's error, as the body of the Motion requests EAJA fees pursuant to 28 U.S.C. § 2412(d).

application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.  28 U.S.C. § 2412(d).

In this case, on March 20, 2015, the Court entered an Opinion and Order reversing and remanding this case to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 30.  Judgment was entered on March 23, 2015.  Doc. 21.  Thus, Plaintiff is the prevailing party in this litigation.  Plaintiff also asserts that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time this proceeding was filed was less than two million dollars.  Doc. 32 at 2.  The Commissioner does not contest that Plaintiff meets the requirements under the EAJA, and the Court finds that all conditions have been met.

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Determination of the appropriate hourly rate thus is a two-step process.  The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate.  *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).  The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases.  *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

As noted by Plaintiff's counsel, she is requesting an adjusted hourly rate that is authorized by applying the cost-of-living adjustment to the $125.00 ceiling for work she performed in this case. Because the Commissioner does not object to the adjusted hourly rate sought and it is within the rates permitted by the EAJA, the Court finds that $187.50 and $190.00 are appropriate hourly rates. Plaintiff's counsel also has submitted a timesheet that includes an itemization of legal services performed.[2] Doc. 32 at 14-16. Counsel spent a total of 36.4 hours of work on Plaintiff's case. After reviewing the description of the services provided, the Court concludes that the time is reasonable and properly compensable.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2312(d) (Doc. 32) is **GRANTED**. Attorney's fees in the amount of $6,836.25 and paralegal's fees in the amount of $24.00, for a total fee award of $6,860.25, shall be awarded to Carol Avard and Mark Zakhvatayev pursuant to the EAJA, 28 U.S.C. § 2412(d). If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the Government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

---

[2] Plaintiff's counsel, Carol Avard, represents that in 2013 she spent 1.50 hours on this case at a rate of $187.50, for a total of $281.25; in 2014, she spent a total 23.30 hours at $190.00 per hour, for a total of $4,427.00; and in 2015 she spent a total of .50 hours at a rate of $190.00 per hour, for a total of $95.00. *Id.* at 15. The same affidavit represents that attorney Mark Zakhvatayev spent a total 8.40 hours on this case in 2014 at a rate of $190.00 per hour, for a total fee of $1,596.00. *Id.* at 15-16. Plaintiff also requests fees for 2.30 attorney hours spent preparing the instant Motion, at a rate of $190.00 per hour, and .40 paralegal hours, at a rate of $60.00 per hour, for a total of $24.00. *Id.* at 16.

2.  The Clerk is directed to enter judgment for Plaintiff as to attorney's fees in the amount of $6,860.25 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record