UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE PEREZ

      Plaintiff,

v.                                            Case No:   2:14-cv-2-CM

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

      Defendant.

## ORDER

Before the Court is Plaintiff Denise Perez's Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. §406(b) (Doc. 35) filed on April 27, 2016. Plaintiff's counsel, Carol Avard ("Avard") requests an award of $9,195.75 in attorney's fees pursuant to 42 U.S.C. §406(b), representing 25% of the balance of Plaintiff's past-due Social Security disability benefits minus the $6,000 administrative fee which she has already received for representing Plaintiff at the administrative level. Doc. 35 at 3. For the reasons stated herein, the Motion is granted.

In October 2010, Plaintiff retained Attorney Avard to represent her on her claim for Social Security disability benefits. *Id.* At that time, Plaintiff's claim had been denied initially by the Social Security Administration. *Id.* Plaintiff had a hearing in June 2012 before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision in August 2012. *Id.* An appeal was filed with the Appeals

Council in September 2012, and the Appeals Council issued an unfavorable decision in November 2013. *Id.* Plaintiff then filed a complaint in this Court, and on March 20, 2015, the Court issued a decision remanding the case back to the Commissioner of Social Security ("Commissioner"). *Id.* Plaintiff had a second hearing before the ALJ on September 22, 2015 and received a fully favorable decision on January 15, 2016. *Id.*

There are three statutory provisions under which attorneys representing claimants in social security disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d) (the "EAJA"). Section 406(a) provides for fees for work done before the Commissioner at the administrative level, paid out of the claimant's past-due benefits awarded, which is capped at 25% of the past-due benefits or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II). For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and the EAJA.[1] Fee awards may be made under both the EAJA and 42 U.S.C. §406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).[2]

---

[1] The EAJA permits a *claimant* to seek an award of fees against the Government for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A).

[2] The EAJA has a "Savings Provision" which "prevents attorneys from receiving double recovery under both the EAJA and § 406(b)." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010). Pursuant to the Savings Provision, attorneys who collect EAJA and § 406(b) fees for the same work must refund the smaller of the two fees to their client. See *id.* at 1271, 1273 (observing that Savings Provision furthers the EAJA's purpose of increasing "the portion of past-due benefits the successful Social Security claimant may pocket" (citation and quotation marks omitted)).

Plaintiff's attorney has received fees under 42 U.S.C. §406(a) for administrative work in the amount of $5,909.00 ($6000.00 minus a $91.00 service charge). Doc. 35 at 4. Plaintiff was awarded $6,860.25 in attorney's fees under the EAJA (Doc. 34); however, the EAJA award has not been received by Plaintiff's attorney. *Id.*; *Id.* at 14. She now seeks attorney's fees pursuant to section 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. §406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive, or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* at § (b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Comm'r of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the Eleventh Circuit held that section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under section 406(b).

Plaintiff was awarded past-due disability benefits in the amount of $60,783.00. *Id.* On April 27, 2016, Avard timely filed the present Petition pursuant to 42 U.S.C.

§406(b) seeking an award of the balance of the 25%, $9,195.75,[3] for representation of Plaintiff before this Court. *Id.* at 1. In support of the Petition, Avard attaches the fee agreement entered into with Plaintiff. Doc. 35-3. Petitioner and Plaintiff entered into a fee agreement providing for attorney fees in the amount of 25% of any past due benefits subject to approval by the Court. Doc. 35-3. Plaintiff's attorney states that she reached the $9,195.75 amount after determining Plaintiff's past-due benefits under Title XII, based on the Notice of Award for Plaintiff's disability insurance benefits, which amounted to $60,783.00. Docs. 35 at 4; 35-2. Twenty-five percent of Plaintiff's past-due benefits amounted to $15,195.75. *Id.* Plaintiff then subtracted from this amount $6,000.00 in section 406(a) fees. *Id.*

Petitioner contends that the amount of the fee requested is reasonable under section 406(b) and *Gisbrecht*, 535 U.S. 789. "A fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *McGuire*, 873 F.2d at 981. Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the

---

[3] Plaintiff requests $9,197.75 at other parts of the motion; however, the Court considers this to be a typographical error as 25% of $60,783.00 is $15,195.75 and $15,195.75 minus the 42 U.S.C. §406(a) award of $6,000.00 is $9,195.75.

attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17. The Commissioner is not opposed to the rate or the amount sought. Upon review of the case, the Court finds that the amount is reasonable. The fee is consistent with that agreed to by Plaintiff and is uncontested by the Commissioner.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Petition and Memorandum in Support for Reasonable Attorney's Fees Pursuant to 42 U.S.C. §406(b) (Doc. 35) is **GRANTED.**

2. Attorney fees in the amount of $9,195.75 for attorney Carol Avard are hereby awarded, and may be paid directly to counsel.

3. The Clerk is directed to enter a judgment as to attorney's fees in the amount of $9,195.75 under 42 U.S.C. § 406(b).

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record